IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00057-REB-CBS

SHOP*TV, INC., a Colorado corporation,
    Plaintiff,
v.

BED BATH & BEYOND, INC., a New York corporation, and
EAGLE HOME PRODUCTS, INC., a New York corporation,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the Order of Reference dated January 20, 2009, designating the Magistrate Judge to "[c]onduct hearings, . . . including *Markman* hearings, and submit proposed findings of fact and recommendations for rulings on the construction of claims made the subject of the First Claim for Relief for patent infringement." (*See* doc. # 4). Pursuant to the Order of Reference, the court conducted a hearing on June 9, 2009 on the parties' claim construction arguments. (*See* doc. # 33). The court has reviewed the pleadings, the parties' claim construction briefs (*see* docs. # 27, # 28, # 29, and # 32), the exhibits, the entire case file, the oral arguments presented at the June 9, 2009 hearing, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Plaintiff Shop*TV, Inc. ("ShopTV") filed the Complaint on May 22, 2008, seeking,

among other things, preliminary and permanent injunctive relief and damages for infringement of U.S. Design Patent D564,219 ('219 patent) pursuant to 35 U.S.C. § 271. (*See* Complaint (doc. # 1) at pp. 6-7 of 10).  The '219 patent addresses ShopTV's "Carry-On Kit," a travel kit that contains multiple small empty bottles and jars in a clear one-quart plastic zip-top bag.  ShopTV alleges that Defendants have infringed the '219 patent by selling a "knock-off" manufactured in China as ShopTV's "Carry-On Kit." (*See* doc. # 1).

The '219 patent claims "[t]he design for a travel kit, as shown and described." (*See* doc. # 1-3 at p. 2 of 5).  The written description of the '219 patent states "[t]he claimed travel kit is used as a transparent, sealable receptacle for the included containers of specific configuration and volumetric capacity."  Included in the '219 patent are seven figures ("the '219 drawings") that show various views of the travel kit.  (*See* doc. # 1-3 at pp. 2-5 of 5).

ShopTV proposes that the '219 patent be construed as a "[t]ravel kit made up of a transparent, sealable receptacle and multiple containers of specific configuration and volumetric capacity, as shown in Figures 1-7."  (*See* doc. # 27 at p. 2 of 11). Defendants propose that the '219 patent be construed as "the specific configuration of bottles and jars in their set positions, their relative sizes, and their volumetric capacities."  (*See* doc. # 28 at pp. 12-13 of 15).  The court concludes that the claim as properly construed falls somewhere between the parties' disputed interpretations.

II.     Standard of Review

"In resolving a claim of patent infringement, a court must first determine the

meaning and scope of the patent claims at issue, a question of law, before the factfinder may resolve whether the accused device infringes the patent claims as construed by the court, a question of fact." *Genentech, Inc. v. Boehringer Mannheim*, 989 F. Supp. 359, 363 (D. Mass. 1997) (internal quotation marks and citation omitted).  Claim construction is a matter of law "exclusively within the province of the court." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996).  "The goal of patent claim construction is to spell out in layman's simple language the meaning and the scope of the legal language contained in a patent." *Phillips v. AWH Corp.*, 2002 WL 32827996 *3 (D. Colo. 2002).

The Federal Circuit laid out the basic principles of claim construction in *Phillips v. AWH Corporation*, 415 F.3d 1303 (Fed. Cir. 2005) (*en banc*).  "[T]he words of a claim are generally given their ordinary and customary meaning" as understood by "a person of ordinary skill in the art in question at the time of the invention. . . ." *Phillips*, 415 F.3d at 1312-13.  The evidence used to determine the ordinary and customary meaning is divided into "intrinsic evidence," which is the claims themselves, the specification, and the prosecution history, and, if the intrinsic evidence is ambiguous, "extrinsic evidence," which includes a range of different sources, such as expert testimony, dictionaries, and technical treatises.  *Genentech*, 989 F. Supp. at 363.  *See also Phillips*, 415 F.3d at 1312-18.

As "design patents typically are claimed as shown in drawings, . . . claim construction is adapted accordingly." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008), *reh'g en banc denied* (Nov. 4, 2008), *cert. denied*, 129 S.Ct. 1917 (2009).  In design patent cases, the Federal Circuit "has not required that the trial court attempt to provide a detailed verbal description of the claimed design." *Egyptian*

*Goddess*, 543 F.3d at 679. "[A] design is better represented by an illustration than it could be by any description and a description would probably not be intelligible without the illustration." *Egyptian Goddess*, 543 F.3d at 679. "'[T]he court is not obligated to issue a detailed verbal description of the design if it does not regard verbal elaboration as necessary or helpful." *Egyptian Goddess*, 543 F.3d at 679. Nevertheless, "a district court's decision regarding the level of detail to be used in describing the claimed design is a matter within the court's discretion." *Egyptian Goddess*, 543 F.3d at 679.

III.     Analysis

The '219 patent includes a written description. In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Phillips*, 415 F.3d at 1314.

The '219 patent also includes drawings. "A design patent's claim is limited to what is shown in the application drawings." *HR U.S. LLC v. Mizco International, Inc.*, 2009 WL 890550 * 9 (E.D.N.Y. 2009) (internal quotation marks and citation omitted). "The figures in [a] design patent not only comprise the bulk of the disclosure, but also set forth the limits of the claim." *Dexas International, Ltd. v. Office Max, Inc.*, 2009 WL 252164 (E.D. Tex. 2009) (citation omitted).

The '219 patent describes the claimed travel kit as "a transparent, sealable receptacle for the included containers of specific configuration and volumetric capacity." ShopTV acknowledges and the court agrees that the singular term "specific

configuration" and the singular term "volumetric capacity" both modify the plural term "included containers." The term "specific configuration" is defined only in the '219 drawings. The '219 drawings demonstrate the "specific configuration" of "the included containers." (*See* doc. # 1-3 at pp. 2-5 of 5). The '219 drawings demonstrate "the included containers" as 14 containers, including one spray bottle. (*See* doc. # 1-3 at pp. 2-5 of 5). Neither the '219 patent description nor the '219 drawings demonstrate the size of the "transparent, sealable receptacle" or the "volumetric capacity" of each individual container. (*See id.*).

   The court does not find the intrinsic evidence ambiguous and thus does not examine extrinsic evidence at this time. *See EMI Group North America, Inc. v. Intel Corp.*, 157 F.3d 887, 892 (Fed. Cir. 1998) ("The Federal Circuit has admonished that claims should be preferably be interpreted without recourse to extrinsic evidence . . . ."). The court concludes that the intrinsic evidence demonstrates that the '219 patent includes the specific configuration and number of the containers within the receptacle bag, as demonstrated in the '219 drawings. The court concludes that a lengthy, detailed verbal description of the '219 patent is unnecessary and it is appropriate to largely "rely upon the illustrations set out" in the patent, "as they better represent the claimed design." *HR U.S. LLC v. Mizco International, Inc.*, 2009 WL 890550 * 9 (E.D.N.Y. 2009) (internal quotation marks and citation omitted). Thus, the court will recommend that the '219 patent be construed as "the design for a travel kit, used as a transparent, sealable receptacle for the included containers of specific configuration and volumetric capacity, as demonstrated in Figures 1 through 7." "This construction will represent to the jury the overall visual impression of the claimed design; it notes the

general nature of the design while specifically directing the jurors to observe all seven figures contained in the patent." *Dexas International*, 2009 WL 252164 at * 7.

IV.   Conclusion

Accordingly, IT IS RECOMMENDED that the '219 patent be construed as:

> "The design for a travel kit, used as a transparent, sealable receptacle for the included containers of specific configuration and volumetric capacity, as demonstrated in Figures 1 through 7."

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80

(10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 15th day of June, 2009.

BY THE COURT:

   s/Craig B. Shaffer  
United States Magistrate Judge