**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  09-cv-00057-REB-CBS

SHOP*TV, INC., a Colorado corporation,

    Plaintiff,

v.

BED BATH & BEYOND, INC., a New York corporation, and
EAGLE HOME PRODUCTS, INC., a New York corporation,

    Defendants.

**ORDER ADOPTING IN PART AND REJECTING IN PART
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#86] filed January 19, 2010; (2) **Plaintiff's Objections to the Recommendation of United States Magistrate Judge** [#91] filed January 29, 2010; and (3) **Defendants' Objection to Recommended Decision** [#93], filed January 29, 2010.  I overrule plaintiff's objections, sustain defendants' objections, and approve and adopt the recommendation in part and reject it in part.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which cognizable objections have been filed, and have considered carefully the recommendation, the objections, and the applicable case law.  The recommendation is detailed and well-reasoned.  More specifically, I agree with the magistrate judge that plaintiff's design patent is invalid both as non-obvious and as

primarily functional.[1]  Plaintiff's objections to these aspects of the magistrate judge's recommendation are without merit.  With respect to obviousness, plaintiff maintains that the magistrate judge should have applied an "ordinary observer" standard, rather than considering the perspective of a person skilled in the art.  There are at least two problems with this argument.  First, the applicable standard is actually more of a hybrid between the two perspectives:

> For design patents, the role of one skilled in the art in the obviousness context lies only in determining whether to combine earlier references to arrive at a single piece of art for comparison with the potential design or to modify a single prior art reference.  Once that piece of prior art has been constructed, obviousness . . . requires application of the ordinary observer test, not the view of one skilled in the art.

***International Seaway Trading Corp. v. Walgreens Corp.***, 589 F.3d 1233, 1240 (Fed. Cir. 2009) (footnote omitted).  Second, although the magistrate judge did not specifically apply the ordinary observer test in the manner contemplated by ***International Seaway Trading***, I find it pellucid that the application of that test to the summary judgment evidence dictates a conclusion of obviousness on the same grounds as advanced by the magistrate judge.

Plaintiff's objections to the magistrate judge's findings that the patent is invalid because it is primarily functional fare no better.  Plaintiff insists that the wide array of

---

[1] I express no opinion as to the magistrate judge's conclusion that the patent also is invalid for indefiniteness.  While there is law supporting plaintiff's objection that the mere fact of having construed the claims precludes such a finding, *see **Datamize, LLC v. Plumtree Software, Inc***., 417 F.3d 1342, 1347-48 (Fed. Cir. 2005), there also is law to the effect that "[e]ven if a claim term's definition can be reduced to words, the claim is still indefinite if a person of ordinary skill in the art cannot translate the definition into meaningfully precise claim scope," ***Halliburton Energy Services, Inc. v. M-I LLC***, 514 F.3d 1244, 1251 (Fed. Cir. 2008).  Because I find that the magistrate judge properly concluded that the patent was invalid for obviousness and functionality, I do not address further this apparently conflicting precedent.

available alternative designs for its product clearly demonstrate that its design is non-functional.  *See Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373, 1378 (Fed. Cir. 2002). However, only alternative designs that have the same utility as the patented design are appropriate comparators for purposes of a functionality analysis.  *See PHG Technologies, LLC v. St. John Cos.*, 469 F.3d 1361, 1367 (Fed. Cir. 2006).  As the magistrate judge noted, none of plaintiff's proposed alternative designs has the same number or specific assortment of containers in a kit of the same relative size as plaintiff's patented design.  The primary utility of plaintiff's design is that it maximizes the amount of storage space for liquids and gels that can be carried in a one-quart bag in compliance with federal regulations governing the size and amount of such items that may be carried on board an airplane.  None of plaintiff's proposed alternative designs accomplish this function, and they, therefore, do not vitiate the conclusion that the design patent is primarily functional and, therefore, invalid.

By contrast, defendants' objection to the magistrate judge's conclusion that genuine issues of material fact preclude summary judgment as to plaintiff's trade dress claim has traction.  Although tactfully failing to note the whisper-thin nature of plaintiff's evidence of non-functionality of its trade dress, the magistrate judge nevertheless correctly determined that genuine issues of material fact precluded summary judgment on that basis.  Based on that conclusion, he found no need to address at the summary judgment stage whether plaintiff's trade dress was distinctive.  (**See Recommendation** at 34.)  Plaintiff, however, has made it plain that it does not claim that its trade dress is

inherently distinctive.[2]  (*See* **Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment** at 17 [#53] filed November 13, 2009.)  Instead, it seeks to prove its trade dress claim by demonstrating that the trade dress has acquired secondary meaning.  That evidence, however, is insufficient to sustain plaintiff's burden of proof on the issue, and its trade dress claim, therefore, must fail.

"A trade dress acquires secondary meaning when its primary significance in the minds of potential consumers is no longer as an indicator of something about the product itself but as an indicator of its source or brand."  ***Sally Beauty Co., Inc. v. Beautyco, Inc.***, 304 F.3d 964, 978 (10th Cir. 2002) (citation and internal quotation marks omitted).  In its response to defendants' summary judgment motion, plaintiff pointed to the following evidence as establishing secondary meaning: (1) sales of 330,000 units of plaintiff's product by defendant Bed Bath & Beyond at $9.99 a unit;[3] (2) a press release sent to retailers and a presence at a major trade show; and (3) inventor Kenneth Bagus's testimony that consumer response "was positive and enthusiastic."  (*See* **Def. Resp. to Plf. Motion for Summary Judgment** at 18.)

None of these elements, either singly or in combination, is sufficient to create a genuine issue of material fact regarding whether plaintiff's product had acquired secondary meaning.  Because secondary meaning ultimately requires proof that "in the

---

[2] Nor does it appear likely that it could.  *See **Wal-Mart Stores, Inc. v. Samara Brothers, Inc.***, 529 U.S. 205, 213, 120 S.Ct. 1339, 1344, 146 L.Ed.2d 182 (2000).

[3] The evidence in this regard is a bit muddled.  Plaintiff cited the 330,000 number in its summary judgment briefing, but the exhibit to which it referred appears to reflect sales of 484,974 units.  (*See* **Def. Motion** App., Exh. 6.)  Regardless, as plaintiff itself put forward this number in its own briefing, its complaint that defendants have attempted to trick the court by failing to allude to sales through other channels is itself disingenuous.  (*See* **Plf. Resp. to Def. Objections** at 4 n.2 [#101], filed February 2, 2010.)

consumer's mind the mark denotes a single thing coming from a single source," **Sally Beauty**, 304 F.3d at 978 (citation and internal quotation marks omitted), plaintiff's evidence of its press releases about and exposure of the product to *retailers* carries no weight whatsoever.[4]  The inventor's vague and largely unsubstantiated testimony characterizing consumer response, supported by a single consumer email, is likewise insufficient to support a finding of secondary meaning.  **Winning Ways, Inc. v. Holloway Sportswear, Inc.,** 913 F.Supp. 1454, 1468 (D. Kan. 1996) ("Secondary meaning requires proof that a *significant* or *substantial* part of the buying class uses the trade dress to identify a single source.") (emphasis added).

This leaves only plaintiffs' proof of sales volume, but such evidence standing alone cannot sustain plaintiff's burden of proof on the issue.  **Sally Beauty**, 304 F.3d at 978 (noting that such sales alone "may not be indicative of secondary meaning because it could be related to factors other than source identification").  The product has only been on the market since late 2006.  **Cf. Predator International, Inc. v. Gamo Outdoor USA, Inc.** – F.Supp.2d –, 2009 WL 3526497 at *8 (D. Colo. Oct. 22, 2009) (noting that sale of product for seven years insufficient "absent additional evidence demonstrating that [trade dress] has become a source identifier").  Although plaintiff provides no context for evaluation, *see* **Continental Laboratory Products, Inc. v. Medax International, Inc.**, 114 F.Supp.2d 992, 1003-04 (S.D. Cal. 2000); **Winning**

---

[4] The Bed Bath & Beyond advertising flyer that plaintiff attached to its response to defendants' objections not only was not before the magistrate judge but also fails to show that the circular actually was distributed at all, much less how widely.  **See Bank of Texas v. Commerce Southwest, Inc.**, 741 F.2d 785, 788 (5th Cir. 1984) (no secondary meaning for mark, despite nine years of exclusive use, where plaintiff did not promote mark outside narrow geographic region).

*Ways*, 913 F.Supp. at 1471-72, the relatively pedestrian sales volume of the product does not support an inference of secondary meaning in any event, *see Winning Ways*, 913 F.Supp. at 1471 (sales of 1.5 million of plaintiff's jackets over three years not sufficient to establish secondary meaning).  *Cf. L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1130 (Fed. Cir. 1993) (secondary meaning found although mark had been in use only six months due to "mass exposure" and resulting in rapid increase in sales volume).

Thus, I find and conclude that plaintiff has failed to present sufficient evidence to show that there is any genuine issue of material fact sufficient to present this case to a jury on the issue of secondary meaning.   Accordingly, I respectfully reject the recommendation of the magistrate judge insofar as he suggests that defendants' motion for summary judgment as to plaintiff's trade dress claim should be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#86] filed January 19, 2010, is **APPROVED AND ADOPTED IN PART** as an order of this court and is **REJECTED IN PART** as follows:

   a. That the Recommendation is **APPROVED AND ADOPTED** insofar as it recommends that defendants' motion for summary judgment be granted as to plaintiff's First Claim for Relief for patent infringement;

   b. That the Recommendation further is **APPROVED AND ADOPTED** insofar as it recommends that plaintiff's motion for partial summary judgment be denied;

  c. That the Recommendation is respectfully **REJECTED** insofar as it recommends that defendants' motion for summary judgment be denied as to plaintiff's Second Claim for Relief for trade dress infringement;

2. That plaintiff's objections stated in **Plaintiff's Objections to the Recommendation of United States Magistrate Judge** [#91] filed January 29, 2010, are **OVERRULED**;

3. That defendants' objections stated in **Defendants' Objection to Recommended Decision** [#93] filed January 29, 2010, is **OVERRULED IN PART** and **SUSTAINED IN PART** as follows:

  a. That defendants' objection is **SUSTAINED** to the extent it challenges the magistrate judge's recommendation that defendants' motion for summary judgment should be denied as to plaintiff's Second Claim for Relief for trade dress infringement; and

  b. That defendants' objection is **OVERRULED** otherwise;

4. That **Defendants' Motion for Summary Judgment** [#49] filed October 30, 2009, is **GRANTED IN PART** and **DENIED IN PART** as follows;

  a. That defendants' motion is **GRANTED** with respect to plaintiff's First Claim for Relief for patent infringement on the grounds of obviousness and functionality;

  b. That defendants' motion is **GRANTED** further with respect to plaintiff's Second Claim for Relief for trade dress infringement; and

  c. That in all other respects, defendant's motion is **DENIED**; and

5.  That **Plaintiff's Motion for Partial Summary Judgment** [#50] filed October 30, 2009, is **DENIED**.

Dated February 3, 2010, at Denver, Colorado.

BY THE COURT:

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge